# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD POTTS, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:09-cv-1805 |
| v. | : | |
| | : | (JUDGE CAPUTO) |
| RONNIE HOLT, et al., | : | (MAGISTRATE JUDGE CARLSON) |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is Magistrate Carlson's Report and Recommendation ("R & R") of April 8, 2010 (Doc. 29) and Plaintiff Richard Potts' Objections to the Magistrate Judge's R&R (Doc. 31). Magistrate Judge Carlson recommended that Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment be granted. This Court will adopt Magistrate Judge Carlson's recommendation for the reasons set forth more fully below.

## BACKGROUND

On April 27, 2009, Plaintiff, an inmate at United States Penitentiary ("U.S.P.") Canaan, filed a Request for Administrative Remedy alleging that U.S.P. Canaan had intentionally violated his religious right to eat foods in accordance with his religious beliefs by serving meals that were not sealed and certified and had no signs or symbols verifying their conformity with Plaintiff's religious beliefs.[1] (Compl., Ex. C.) On May 14, 2009, the warden of U.S.P. Canaan, Ronnie R. Holt, denied Plaintiff's Request for Administrative Remedy and advised Plaintiff that he could appeal the warden's response within twenty (20) calendar days of the date of the denial. (*Id.*) On June 7, 2009, Plaintiff filed a Regional Administrative

---

[1] As required by Bureau of Prisons regulations, an informal resolution was attempted in this matter. However that attempt was unsuccessful and Plaintiff began his formal grievance process.

Remedy Appeal, which was denied as untimely on June 11, 2009. (*Id.*) Plaintiff filed a Central Office Administrative Appeal on June 25, 2009; this appeal was denied because the intermediate regional appeal had been untimely. (*Id.*)

On September 18, 2009, Plaintiff filed the instant Complaint alleging violations of 42 U.S.C. § 1983 due to U.S.P. Canaan's serving of cereal that is not Kosher or Halaal. Plaintiff alleges in his Complaint that the Bureau of Prisons delivered his "institutional responses out of time so that [Plaintiff] could not appeal [and that] these actions were intentional and U.S.P. Canaan uses this tactic to hamper out of the institution . . . remedies (sic)." (Compl. ¶ 5.) On January 19, 2010, Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.[2] (Doc. 21.) Defendants moved for summary judgment on the basis of Plaintiff's failure to exhaust his administrative remedies, and for dismissal because Defendants lacked personal involvement and could not be held liable on the basis of respondeat superior.

On April 8, 2010, Magistrate Judge Carlson issued an R&R recommending that Defendants' motion be granted. Plaintiff filed his Objections on April 22, 2010, and Defendants filed their brief in opposition on April 23, 2010. This matter is fully briefed and currently ripe for disposition.

## STANDARD OF REVIEW

**1. Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a

---

[2] In his brief in opposition to Defendants' motion, Plaintiff wrote that he "now seeks additionally an emergency injunction/order." However, Plaintiff has not filed a motion as required by Fed. R. Civ. P. 65, and this Court will not entertain this request.

2

*de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**2.     Summary Judgment**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of

3

material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

4

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") states that "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Third Circuit Court of Appeals has held the PLRA contains a procedural default component. *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004). In other words, a prisoner must "properly" exhaust administrative remedies as a prerequisite to bringing a § 1983 claim in federal district court; if the plaintiff fails to do, the PLRA's exhaustion requirement is not satisfied. *Id.* The court of appeals has further held that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." *Id.*

The Bureau of Prisons (B.O.P.) has promulgated regulations setting out the administrative process for prisoner grievances. When an inmate first presents an issue of concern, the staff of the prison must attempt to resolve the issue informally before the inmate submits a Request for Administrative Remedy. 28 C.F.R. § 542.13. The attempt at informal resolution must be completed, and a formal written Request for Administrative Remedy must be submitted, within twenty (20) calendar days of when the basis for the request occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response to the Request for Administrative Remedy, an appeal may be taken to the Regional Director within twenty (20) calendar days *of the date the warden signed the response*. 28 C.F.R. § 542.15(a).

Inmates are allowed extensions if a valid reason for delay is demonstrated; valid reasons for delay include 1) an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal;, 2) an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal, 3) an unusually long period taken for informal resolution attempts, or 4) indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions was delayed. 28 C.F.R. § 542.14(b).

In the instant case, Plaintiff procedurally defaulted, and, therefore, has not satisfied the PLRA's exhaustion mandate. The warden of U.S.P. Canaan signed his response to Plaintiff's Request for Administrative Remedy on May 14, 2009, making Plaintiff's appeal due twenty (20) calendar days later on June 3, 2009. Plaintiff did not file his appeal until June 7, 2009; this appeal was filed out of time, leading to procedural default on the part of Plaintiff.

To the extent that Plaintiff blames his delay on chicanery by the staff of the B.O.P. or U.S.P. Canaan, he has not created a genuine issue of material fact that would allow a reasonable jury to find that he was forced to file his appeal out of time by the actions of the prison staff. Plaintiff has not submitted any proof to support this claim. Furthermore, had this been the case, Plaintiff had the opportunity to ask for extensions as provided in the B.O.P. regulations. However, Plaintiff did not raise this reason for delay in his intermediate appeal to the Regional Director or his Central Office Administrative Appeal. As such, Plaintiff has not raised a genuine issue of material fact regarding delay, his appeal was filed out of time, and he procedurally defaulted, thereby failing to satisfy the PLRA's exhaustion requirement. As such, Magistrate Judge Carlson's R&R will be adopted and summary judgment will be granted in favor of Defendants. Because this case is being disposed of on summary judgment,

Defendants' Motion to Dismiss need not be considered.

## **CONCLUSION**

For the foregoing reasons, the Court will adopt Magistrate Judge Carlson's recommendation and grant Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. An appropriate order follows.


May 21, 2010                                                                  May 21, 2010
Date                                                                                     A. Richard Caputo
                                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD POTTS, :
:
Plaintiff, :
: CIVIL ACTION NO. 3:09-cv-1805
v. :
: (JUDGE CAPUTO)
RONNIE HOLT, et al., : (MAGISTRATE JUDGE CARLSON)
:
Defendants :

# ORDER

**NOW**, this  21st  day of May, 2010, after consideration of Magistrate Judge Carlson's Report and Recommendation (Doc. 29) and of Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. 31),  **it is hereby ORDERED** that:

1) the Magistrate Judge's Report and Recommendation (Doc. 29) is **ADOPTED.**

2) Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 21) is **GRANTED**.

3) **JUDGMENT IS ENTERED** in favor of Defendants.

4) The Clerk of Court shall mark this case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge